# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 06-0069

NORBERT J. TURK, APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued October 10, 2007              Decided    January 31, 2008    )

*Antonio E. Bendezu*, of Lincoln, Nebraska, for the appellant.

*David J. Lowenstein*, with whom *John H. Thompson*, Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Joan E. Moriarty*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, HAGEL, and DAVIS, *Judges*.

DAVIS, *Judge*: U.S. Army veteran Norbert J. Turk appeals through counsel from a September 15, 2005, Board of Veterans' Appeals (Board) decision that denied, inter alia, a disability rating in excess of 50% for post-traumatic stress disorder (PTSD). The Board issued the decision on appeal after Mr. Turk failed to attend two VA medical examinations scheduled to determine the appropriate disability level of his PTSD. On appeal, the Court considers whether the Board appropriately applied 38 C.F.R. § 3.655(b) (2007) in denying the veteran entitlement to a higher disability rating for PTSD when the veteran failed to report for VA examinations without good cause. The Court concludes that this claim should have been classified as an original compensation claim rather than a claim for increase, but that the Board's misapplication of the second sentence of 38 C.F.R. § 3.655(b) is harmless error. For the reasons set forth below, we affirm the Board's September 15, 2005, decision.

# I. BACKGROUND

Mr. Turk served as a combat infantryman in the U.S. Army from August 1943 until February 1945. In June 2003, Mr. Turk applied to the Lincoln, Nebraska, VA regional office (RO), claiming entitlement to service connection for arthritis, bilateral hip and knee disabilities, and a low-back disability. In September 2003, he added a claim for service connection for PTSD. In support of his PTSD claim, Mr. Turk provided a letter from Dr. Melvin Canell, a private psychologist. Dr. Canell diagnosed multiple Axis I disorders, including PTSD, anxiety disorder, and depressive disorder. Other than the diagnosis, the letter contained only one mention of PTSD. *See* Record (R.) at 130. Dr. Canell assigned a Global Assessment of Functioning (GAF) score of 41.

On October 28, 2003, the RO issued a rating decision granting service connection for PTSD and assigned a 30% disability rating effective September 24, 2003. Mr. Turk filed a Notice of Disagreement (NOD) challenging the 30% disability rating. In March 2004, the RO increased Mr. Turk's disability rating for PTSD to 50% and confirmed that rating with an April 2004 Statement of the Case. Mr. Turk timely filed a Substantive Appeal to the Board.

In November 2004, Dr. Canell submitted a letter reflecting that when he saw Mr. Turk in August 2004, he was even more depressed and despondent than he had been one year earlier. Dr. Canell stated that his diagnostic impression was very similar to the one he offered in August 2003 and again assigned a GAF score of 41.

In a December 2004 letter, the RO advised Mr. Turk that Dr. Canell's 2003 and 2004 letters were inadequate for rating purposes because they did not include a discussion of the symptomatology attributable to Mr. Turk's PTSD, and reflected multiple diagnoses without providing a separate GAF score for PTSD or explaining why separate GAF assignments could not be given. In that letter, the RO further informed Mr. Turk that a VA examination was being scheduled and stated that "[w]hen a claimant fails to report for an examination . . . the claim shall be denied." R. at 325. In a January 2005 letter, the RO specifically notified Mr. Turk, through counsel, that a PTSD examination had been scheduled for him at the Omaha, Nebraska, VA Medical Center (VAMC) and that "*failure to report for a VA medical examination may have adverse consequences, including the possible denial of your claim.*" R. at 334 (emphasis in original).

In a January 14, 2005, letter, Mr. Turk's counsel acknowledged that VA had scheduled an

examination for Mr. Turk at the Omaha, Nebraska, VAMC on January 18, 2005; however, he requested that the RO provide an examination in closer proximity to Mr. Turk's residence, citing his inability to travel long distances unassisted because of his medical conditions, advanced age, lack of finances, and unsafe automobile. Mr. Turk subsequently failed to report for the scheduled examination.

In February 2005, Dr. Canell submitted a letter indicating that Mr. Turk's PTSD symptomatology included flashbacks, nightmares, unwillingness to discuss his difficulties, startle reflex, and withdrawal from social experiences and intimacy. Also in February 2005, the RO notified Mr. Turk that it had scheduled another PTSD examination on February 25, 2005, at the Grand Island, Nebraska, VAMC. Mr. Turk's counsel responded by letter stating that Mr. Turk was unable to travel without assistance the 25 miles to the Grand Island VAMC. He further stated that he had submitted "private medical evidence which he believes is sufficient for rating purposes." R. at 361. Despite counsel's letter to VA, outpatient treatment notes from the Grand Island VAMC indicate that Mr. Turk appeared "in person" at the Grand Island VAMC for a followup visit for anticoagulation management on February 25, 2005, but failed to report for the PTSD examination scheduled on the same day at the same facility. R. at 367, 373.

On September 14, 2005, the Board issued the decision here on appeal. The Board denied Mr. Turk's claims for a disability rating of 70% or higher for his service-connected PTSD. The Board noted that "the assistance provided by VA shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim." R. at 10. The Board stated that the record was incomplete for rating purposes, and thus, did not support a rating of 70% or higher, but the Board left intact the RO's award of a 50% disability rating for service-connected PTSD.

## II. ANALYSIS

### A. Duty To Assist

Pursuant to 38 U.S.C. § 5103A, VA is obligated to assist the veteran in obtaining the evidence necessary to substantiate a claim. *See* 38 U.S.C. § 5103A(d); *McLendon v. Nicholson*, 20 Vet.App. 79, 81 (2006); 38 C.F.R. § 3.159(c)(4) (2007). This duty to assist may include the duty to conduct a thorough and contemporaneous medical examination, taking into account prior medical

3

records, so that the evaluation of the claimed disability will be fully informed. *See Green v. Derwinski*, 1Vet.App. 121, 124 (1991). VA may not order additional development for the sole purpose of obtaining evidence unfavorable to a claimant. *See Mariano v. Principi*, 17 Vet.App. 305, 312 (2003). Nonetheless, VA has discretion to determine when additional information is needed to adjudicate a claim. *See Kowalski v. Nicholson*, 19 Vet.App. 171 (2005) (stating that VA has discretion to schedule a veteran for a medical examination where it deems an examination necessary to make a determination on the veteran's claim); *Shoffner v. Principi*, 16 Vet.App. 208, 213 (2002) (holding that VA has discretion to decide when additional development is necessary). In this case, VA fulfilled its duty to assist Mr. Turk in developing his claim by informing him of the evidence that was needed to evaluate his claim and by attempting on multiple occasions to schedule examinations aimed at gathering the necessary information.

Corresponding to VA's duty to assist the veteran in obtaining information is a duty on the part of the veteran to cooperate with VA in developing a claim. *See Wood v. Derwinski,* 1 Vet.App. 190, 193 (1991) (noting that "[t]he duty to assist is not always a one-way street"). VA's duty must be understood as a duty to assist the veteran in developing his claim, rather than a duty on the part of VA to develop the entire claim with the veteran performing a passive role. *See id.* ("If a veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence."). In this instance, Mr. Turk did not cooperate by furnishing the requested information to the Board. In fact, he refused to attend examinations scheduled to aid in the development of his claim. Mr. Turk himself is accountable for his wilful failure to cooperate with VA in developing his claim. It is undisputed that Mr. Turk was actually present at the Grand Island VAMC on the day that his VA examination was scheduled to take place there; yet he did not attend, giving the excuse that he was unable to drive to the VAMC.

B. Classification of the Claim

The Court must decide whether the Board appropriately applied 38 C.F.R. § 3.655 to Mr. Turk's claim for PTSD compensation. The Board determined that Mr. Turk's disagreement with the initial rating assigned to his PTSD claim resulted in a claim for increased rating. *See* R. at 13-14. Mr. Turk filed a September 2003 claim for service connection for PTSD. Following a grant of service connection, Mr. Turk appealed the disability rating continually until the Board issued its September 14, 2005, decision. Where a party appeals from an original assignment of a disability

rating, the claim is classified as an original claim, rather than as one for an increased rating. *See Shipwash v. Brown*, 8 Vet.App. 218, 225 (1995); *see also Fenderson v. West*, 12 Vet.App. 119 (1999) (establishing that initial appeals of a disability rating for a service-connected disability fall under the category of "original claims"). Accordingly, the Board should have classified the PTSD claim as an original claim in appellate status, rather than as a freestanding claim for increased rating.

Pursuant to 38 C.F.R. § 3.655(a), individuals for whom an examination has been scheduled are required to report for the examination. In addition, 38 C.F.R. § 3.655(a) provides, in pertinent part:

> When entitlement or continued entitlement to a benefit cannot be established or confirmed without a current VA examination or reexamination and a claimant, without good cause, fails to report for such examination, or reexamination, action shall be taken in accordance with paragraph (b) or (c) of this paragraph as appropriate.

The provisions of 38 C.F.R. § 3.655(b) address the Board's duty when a claimant has failed to report to a VA examination without good cause:

> When a claimant fails to report for an examination scheduled in conjunction with *an original compensation claim*, the claim shall be rated based on the evidence of record. When the examination was scheduled in conjunction with any other original claim, a reopened claim for a benefit which was previously disallowed, or a *claim for increase*, the claim shall be denied.

38 C.F.R. § 3.655(b) (emphasis added). Thus, § 3.655(b) creates a distinction between original compensation claims, which are rated on the evidence of record, and other classes of claims, which are summarily denied.

When a veteran misses a scheduled VA examination, the Board must consider (1) whether the examination was necessary to establish entitlement to the benefit sought, and (2) whether the veteran lacked good cause to miss the scheduled examination. *See* 38 C.F.R. § 3.655(a). In this case, the Board determined that it needed further information in order to consider whether to grant an initial service-connected PTSD rating higher than 50%. It provided ample reasons and bases for this determination, noting that the only medical evidence regarding Mr. Turk's symptomatology was Dr. Canell's notation that Mr. Turk experienced flashbacks. Dr. Canell also described other psychological symptoms, but did not delineate the extent to which these symptoms could be attributed to PTSD. The Board took pains to note that the remainder of evidence of record (59 years'

5

worth) was completely devoid of any other mention of PTSD or other psychiatric disability. The Board focused its analysis of the need for the examination on other matters, including the fact that the evidence of record was insufficient to determine whether Mr. Turk was eligible for a 70% disability rating. Moreover, Mr. Turk clearly lacked good cause to attend his scheduled examinations. Counsel admitted as much at oral argument, and this is borne out by the discrepancy between the letter contending that Mr. Turk was unable to travel to the Grand Island VAMC unassisted and the fact that he had been there many times, and was actually present at the facility on the day of the scheduled appointment.

As noted above, 38 C.F.R. § 3.655(b) divides claims into two categories: "[O]riginal compensation claims" to be decided by the Board based on the evidence of record; and "any other original claim, a reopened claim for a benefit which was previously disallowed, or a claim for increase," which are to be summarily denied. Here, the Board classified Mr. Turk's PTSD claim as an increased rating claim, and summarily denied it under the second sentence of § 3.655(b), which applies to claims other than original compensation claims. This was a clear error on the part of the Board. Mr. Turk appealed the initial 50% disability rating assigned to his September 2003 PTSD claim. The claim never became final, and should have been classified as an "original compensation claim." As such, in accordance with the first sentence of the regulation, Mr. Turk's claim must be rated based on the evidence of record. *See* 38 C.F.R. § 3.655(b).

Though the Board committed legal error, the Court nevertheless finds that such error is nonprejudicial because the Board proceeded to make findings and determinations to explain why the medical evidence of record did not support a higher disability rating. *See Conway v. Principi*, 353 F.3d 1369, 1374 (Fed. Cir. 2004) (noting that the Court follows the "harmless error" rule); *Kowalski*, *supra*, at 177. Thus, the analysis was sufficient to meet the "evidence of record" standard of the first prong of § 3.655(b). Contrary to Mr. Turk's contention that the decision lacked adequate reasons and bases, the Board explained its determination that Dr. Canell's medical reports lacked the substance to support a disability rating of 70%. The Board specifically noted that none of Mr. Turk's other medical reports mentioned PTSD and further noted that Dr. Canell diagnosed other non-service-connected disabilities and did not adequately differentiate the symptomatology attributable to PTSD as opposed to those other conditions. Thus, although the Board considered Mr. Turk's claim to be an increased rating claim, it nevertheless complied with the second sentence of §

6

3.655(b) and evaluated the medical evidence of record and explained why it was insufficient to warrant a disability rating of 70% or higher.

## C. Manipulation of the Record

The Court notes that the Board, in rendering its decision, commented that Mr. Turk, on the advice of his attorney, may have intentionally elected not to attend the scheduled VA examinations. The Board characterized such conduct as a possible attempt "to manipulate the record so that only limited evidence supportive of the claim would be considered." R. at 17. The consequences of failure to present oneself for a medical examination are adequately addressed by VA regulations, one of which we have discussed previously in this opinion. *See* 38 C.F.R. § 3.655. It is not a "manipulation of the record" for a claimant to choose one option from among those presented by a VA regulation. Failure to attend a scheduled VA compensation examination, however, exposes a veteran to the possibility of an adverse finding of fact that can be overturned only by the Court's determination that the finding was clearly erroneous–a difficult burden to meet. *See Kowalski*, *supra*, at 178. Except perhaps in extreme examples of incompetence or bad faith, the Court's concern on appeal is whether VA appropriately applied a VA regulation, rather than what advice counsel gave his client with regard to attending the examination or the potential consequences of his failure to attend. Any advice given by counsel must be presumed to be given with a knowledge of the state of the record and of the legal consequences and practical realities that might flow from the advice given. Consequently, if Mr. Turk failed to appear at the scheduled examination based on advice or information provided by his counsel, Mr. Turk made an informed evidentiary choice, the possibility of which is assumed by the text of the regulation itself. Counsel and the client assume the risk of such a choice.

At the same time, misrepresentation of a consequential fact to a tribunal by counsel is a matter of concern for the Court. In this regard, the Secretary noted certain representations made by Mr. Turk's counsel to VA regarding his client's inability to attend the scheduled VA examinations because of his age and lack of transportation, even though Mr. Turk was present at the VA facility for another appointment on the same day. *See* Secretary's Brief at 6. Despite the Secretary's apparent concerns, we are unaware of any action he has taken against counsel. Moreover, at oral argument Mr. Turk's counsel advised the Court that the information he provided to the Secretary was based on his client's representation that he could not attend the VA examination, that he (counsel)

7

was not aware that his client had attended other VA medical appointments at the same location on the date of the scheduled VA examination, and that under the circumstances it appeared that his client did not have good cause after all for failure to attend his scheduled VA medical examination. Given counsel's representations to the Court, we need not further address this matter.

## III. CONCLUSION

In light of the foregoing, and in consideration of the parties' briefs and oral arguments, the Board's September 15, 2005, decision is AFFIRMED.