Citation Nr: 1755101 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 12-16 387 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUE

Entitlement to service connection for disability of both eyes.


REPRESENTATION

The Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

P. Franke, Associate Counsel


INTRODUCTION

The Veteran had active military service from July 1973 to July 1976.

This matter initially came to the Board of Veterans' Appeals (Board) on appeal from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan. 

A January 2015 Board decision allowed the Veteran's appeal to the extent that his claim was reopened upon the submission of new and material evidence. Additionally, the Board remanded the matter to the agency of Original Jurisdiction (AOJ) to obtain specific treatment records and to schedule a new examination. In June 2017, this appeal was again remanded for verifying and obtaining the Veteran's current address and, if obtained, for a VA eye examination. The matter is once more before the Board.

The Veteran testified at a January 2013 videoconference hearing before the undersigned. A transcript of the hearing is associated with the claims file.

This appeal was processed using the Veterans Benefits Management System (VBMS) and the Legacy Content Manager Documents (LCMD) (formerly Virtual VA) electronic claims files. 


FINDINGS OF FACT

1. The Veteran failed to report to a VA examination, scheduled for August 2017 at Detroit VA Medical Center.

2. The Veteran did not offer reasons for not reporting to the scheduled examination; nor did he or his representative respond to attempts to make contact for the purpose of obtaining the Veteran's current address; the Veteran has not provided reasons indicating good cause for the failure to report; and he has not indicated willingness to report for an examination.

3. There is nothing in the record since May 2, 2016 to indicate any mail sent to the Veteran, including the Board's prior June 30, 2017 remand, its cover letter and the August 30, 2017 Supplemental Statement of the Case, as having been returned by the United States Postal Service as "undeliverable." 

4. The evidence of record does not demonstrate that the Veteran has any acquired eye disorder that was caused by or is otherwise related to service.

CONCLUSION OF LAW

The criteria for service connection for disability of both eyes are not met. 38 U.S.C. §§ 501, 1101, 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.103, 3.104, 3.326, 3.655 (a) (b) (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist 

The Veterans Claims Assistance Act of 2000 (VCAA) provides that VA will notify the Veteran of the need of necessary information and evidence and assist him or her in obtaining evidence necessary to substantiate a claim, as well as obtaining a medical examination or opinion of the Veteran's disability when necessary. 38 U.S.C. § 5103 (a); 38 C.F.R. § 3.159 (b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). VA has assisted the Veteran in obtaining evidence to the extent possible, in collecting service treatment records, arranging examinations and obtaining opinions. In addition, the Board is satisfied that VA has complied with the directives of the Board's previous remand.

Service Connection 

Generally, service connection may be granted for disability arising from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Service connection for a disability requires evidence of: (1) The existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). See also Hickson v. West, 12 Vet. App. 247, 253 (1999), citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996). 

Lay Evidence 
 
Lay assertions may serve to support a claim for service connection by establishing the occurrence of observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C. § 1154(a); 38 C.F.R. § 3.303(a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F. 3d 1331, 1336 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of disability even where not corroborated by contemporaneous medical evidence). Lay evidence can be competent and sufficient to establish a diagnosis or etiology when (1) a lay person is competent to identify a medical condition; (2) the lay person is reporting a contemporaneous medical diagnosis or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

The Veteran's Assertions

The Veteran contends in his Board hearing testimony that an in-service accident in which his eyes were splashed with a chemical agent used to clean printing components of a teletype machine caused damage to his eyes and resulted in decreased vision. The Veteran further contends that his decreased vision is not a preexisting condition or due to myopia, as no one in his family required eye glasses. The Veteran also asserts that the initial compensation granted by VA was stopped on the basis that his disability was not as pronounced as originally thought, but in fact his diminished vision has continued and become worse. The Veteran Hospital further asserted in a February 1989 VA examination that he cannot wear corrective lenses, as they induce headaches. Additionally, in his June 1990 VA Form 9, the Veteran states that when entered service, his vision was 20/50 in both eyes and as of 1990 it was 20/200.

Failure to Report for an Examination 

When entitlement or continued entitlement to a benefit cannot be established or confirmed without a current VA examination or reexamination and a claimant, without good cause, fails to report for the examination or reexamination, an original compensation claim will be adjudicated on the evidence of record as it stands. 38 C.F.R. § 3.655 (a) and (b). However, when the examination was scheduled in conjunction with a reopened claim for a benefit which was previously disallowed, the claim will be denied. 38 C.F.R. § 3.655 (b).

The Veteran was denied service connection for disability of both eyes in by Board decision of June 1991. The Board's January 2015 decision allowed the reopening of the Veteran's claim based on the submission of new and material evidence. It was determined that an examination was needed in order to fully evaluate the claim. Such examination was requested. In its June 2017 remand, the Board noted that the SSOC sent to the Veteran was returned as nondeliverable. No attempt to update the Veteran's address or otherwise get in contact with him had been undertaken by the AOJ. The Board deemed it conceivable that the Veteran had not been informed of his failure to report to an April 2016 VA examination and effectively ascribed apparent good cause for the failure to report. Given that set of facts and the representative's request for a new examination, the appeal was remanded for one more attempt to schedule the examination.

The record now indicates both in an August 2017 e-mail correspondence and an August 2017 VA memorandum that a VA examination was requested on July 31, 2017, the Veteran failed to report and the examination was canceled on August 17, 2017. The Veteran has not re-schedule the examination, he has not offered good cause for his failure to report and the record indicates as of yet he has not made any contact whatsoever with the AOJ since failing to report for the examination. 

The record further indicates in July 2017 e-mail correspondences and a VA memorandum that attempts were made to reach both the Veteran and his representative to obtain the Veteran's current address. The record does not contain responses. 

Moreover, in the August 2017 SSOC, VA informed the Veteran of his failure to report for the August 2017 VA examination. VA provided the Veteran with the language of 38 C.F.R. § 3.655 and told him in the "Reasons and Bases" section of the SSOC that the decision would accordingly be denied. The SSOC was sent to the Veterans address and there is no indication in the record that it was returned as undeliverable. The Veteran is presumed to have received the SSOC, which put him on notice both that he had failed to report for a VA examination and that his claim now would be denied. As stated above, the record documents attempts in July 2017 to confirm the Veteran's address and the lack of response from him or his representative. 

38 C.F.R. § 3.655 (b) clearly specifies that when a claimant fails to report for an examination without good cause and the claim had previously been reopened, the claim shall be denied. 38 C.F.R. § 3.655 (a) (b); see also Engelke v. Gober, 10 Vet. App. 396, 399 (1997); Ashley v. Derwinski, 2 Vet. App. 307, 311 (1992). This is as a matter of law, as denial of the claim on this basis is nondiscretionary for the Board, indicated by use of the word "shall" in the regulation. 

The Board would also point out that the Court of Appeals for Veterans Claims has held that "[t]he duty to assist in the development and adjudication of a claim is not a one-way street." Wamhoff v. Brown, 8 Vet.App. 517, 522 (1996). "If a [claimant] wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence." Wood v. Derwinski, 1 Vet.App. 190, 193 (1991); see also Olson v. Principi, 3 Vet.App. 480, 483 (1992). This includes reporting for a VA examination.

The Board finds that VA has satisfied its obligation to provide the Veteran with a VA examination, although it does not appear that the Veteran specifically desired to avail himself of this opportunity and has not fulfilled his responsibilities of cooperation generally. See Wood v. Derwinski, 1 Vet. App. 190 (1991) (aff'd on reconsideration, 1 Vet. App. 460 (1991)). See also Turk v. Peake, 21 Vet. App. 565, 570-71 (2008).

The Board cannot even consider granting this claim on the current record without the findings of a current VA examination. For the reasons stated and as a matter of law, the Board finds that the claim must be denied.

Moreover, the evidence previously showed a refractive error of the eyes, for which service connection is not warranted. 38 C.F.R. § 3.303(c). No acquired eye pathology has been diagnosed that has been tied to any in-service event or occurrence. Service Treatment Records do not show treatment of the eyes in service, and the evidence does not show any residuals of the claimed in service injury. Thus, based on this record there is no chronic acquired eye disability shown for which service connection would be in order.

The Board has considered the benefit-of-the-doubt doctrine; however, the Board does not perceive an approximate balance of positive and negative evidence. The preponderance of the evidence is against the claim, the doctrine is not applicable and the claim must be denied. 38 U.S.C. § 5107 (b); 38 C.F.R. § 4.3.


ORDER

Entitlement to service connection for disability of both eyes is denied.


____________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs