Citation Nr: 1826255 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 10-22 853A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUES

1. Entitlement to an evaluation in excess of 10 percent for right knee degenerative joint disease (DJD).

2. Entitlement to an evaluation in excess of 10 percent for left knee DJD.


REPRESENTATION

Veteran represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

L. Bristow Williams, Associate Counsel



INTRODUCTION

The Veteran had active service from September 1973 to September 1976 and from August 1989 to August 2006.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia, which, in pertinent part, denied increased evaluations for DJD of the right knee and left knee. Jurisdiction is now with the RO in St. Paul, Minnesota.

The Veteran appealed these denials to the Court of Appeals for Veterans Claims (CAVC or the Court). On the basis of a Joint Motion for Partial Remand (JMPR), the Court, in May 2015, vacated the Board's determinations on the above issues, and remanded them for further appellate consideration.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In October, the Board remanded the claims so that the Veteran could be afforded an additional VA examination that fully satisfied the Court's holding in Correia v. McDonald, 28 Vet. App. 158 (2016), as well as to clarify meniscus involvement in each knee. 

The AOJ contacted the VA medical facility nearest the Veteran and requested that he be scheduled for the examination. See November 2017 Compensation and Pension Exam Inquiry. The AOJ notified the medical facility in the "General Remarks" section of the inquiry sheet that the Veteran's address and telephone number provided by the Veterans Benefits Administration differed from the address listed in the Veterans Health Administration database. The AOJ asked that the VA medical facility verify the Veteran's address for accuracy before mailing the examination notification letter. Id. Approximately two weeks later, the Veteran failed to appear for his scheduled VA examination. See January 2018 Correspondence. An examination detail report dated December 12, 2017 reflects that the Veteran did not report for the scheduled appointment after being notified of the appointment by an appointment letter sent to the address on file and an appointment confirmation. Id. 

The AOJ consequently readjudicated the claim based on the existing evidence of record, and, in a January 2018 Supplemental Statement of the Case (SSOC), continued to deny a higher rating for the Veteran's bilateral knee DJD, specifically noting his failure to appear for the scheduled examination. See 38 C.F.R. § 3.655(b); see also Turk v. Peake, 21 Vet. App. 565 (2008).

Neither a copy of the letter informing the Veteran of the scheduled examination or an appointment confirmation is associated with the record. 

Given the confusion as to the Veteran's correct address and the lack of documentation regarding the Veteran's scheduled appointment, the Board finds that VA's duty to assist arguably extends to affording him another opportunity to attend a VA examination. Such an examination is particularly important because, as noted by the Board in its prior remands, the previous VA examination reports of record are not sufficient to allow the Board to decide this claim. See Palczewski v. Nicholson, 21 Vet. App. 174, 181-82 (2007); citing Caluza v. Brown, 7 Vet. App. 498, 505 -06 (1998) ("Where the record does not adequately reveal the current state of the claimant's disability . . . the fulfillment of the statutory duty to assist requires a thorough and contemporaneous medical examination."); Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995). See also Mitchell v. Shinseki, 25 Vet. App. 32 (2011); 38 C.F.R. § 4.40 (2017); DeLuca v. Brown, 8 Vet. App. 202, 205-6 (1995).

Accordingly, the case is REMANDED for the following action:

1. Verify the Veteran's current address. If attempts to reach the Veteran by telephone are unsuccessful, undertake additional efforts to verify his current mailing address, to include contacting his representative for assistance.

2. Identify and obtain any outstanding VA treatment records that are not already associated with the claims file.

3. Then, schedule the Veteran for an appropriate VA examination so as to determine the current the nature and extent of all impairment due to his service-connected left and right knee disabilities. The letter scheduling the examination should be associated with the claims file. The Veteran should also be notified that failure to appear for the scheduled VA examination without an explanation of good cause, may result in a denial of his claim. 

The claims file must be made available for review, and the examiner should note that a review was completed. All indicated tests and studies should be completed. 

(a) The examiner should describe the nature and severity of all manifestations of the Veteran's right and left knee disabilities.

The examiner must test and record the range of motion for both knees in active motion, passive motion, weight-bearing, and nonweight-bearing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

In reporting the results of range of motion testing, the examiner should identify any objective evidence of pain, and the degree at which pain begins. The extent of any weakened movement, excess fatigability, and incoordination on use should also be described by the examiner. The examiner should assess the additional functional impairment due to weakened movement, excess fatigability, or incoordination in terms of the degree of additional range of motion loss. 

The examiner must also address the current functional impairment, if any, during flare-ups or when the knees are used repeatedly. The range of motion lost during a period of flare-up or over-use should be indicated in degrees. If the examination occurs when a flare-up is not being experienced, or at a time without repeated use, the examiner must ascertain adequate information, such as frequency, duration, characteristics, severity, or functional loss regarding the Veteran's flares and/or repeated use by alternative means and estimate the Veteran's functional loss due to flares and/or repeated use based on all the evidence of record. If the Veteran does not experience flare-ups, this should be made clear. 

Additionally, the examiner should determine whether the Veteran has ankylosis of the knee; instability or subluxation of the knee; or nonunion of the tibia and fibula with loose motion and requiring knee braces. 

(b) The examiner should also opine as to whether the Veteran has any current disability of the meniscal cartilage of either knee. 

If the examiner determines that the Veteran has any current disability of the meniscal cartilage of either knee, please provide an opinion as to the following:

(i) Is the current meniscal cartilage disability at least as likely as not (50 percent or greater probability) caused or aggravated by service or one of the Veteran's a service-connected disabilities? 

(ii) If the answer to (i) is "Yes", the examiner should opine as to whether the following symptoms are present: dislocated semilunar cartilages with frequent episodes of locking, pain, and effusion; or severe painful motion or weakness in either knee. 
 
 The examiner must address each knee separately. 
 
(c) To the extent possible, the examiner is also asked to provide retrospective commentary on the Veteran's level of the left and right knee disabilities during the appeal period, and to comment on the range of motion movements that would be painful on passive use, in weight-bearing and non-weight-bearing. In this connection, the examiner should also provide retrospective commentary regarding the functional impact, if any, of the Veteran's prior history of flare-ups. The examiner should solicit information, such as, the frequency of previous flare-ups; the symptoms associated with such flare-ups; and duration of flare-ups; and a description of pain and duration of such pain during a flare-up. The range of motion lost during these historical periods of flare-ups should be approximated in degrees.

If it is not feasible to determine any of the above-requested information without resort to speculation, the examiner must provide an explanation for why this is so. It must be clear that the inability to provide an opinion is predicated on lack of knowledge among the "medical community at large" and not the insufficient knowledge of the specific examiner.

The examiner should provide a comprehensive report including complete rationales for all opinions and conclusions reached, citing the objective medical findings leading to the conclusions.

4. Upon completion of the above, readjudicate the issues on appeal. If any benefit sought remains denied, the Veteran and his representative should be provided with a Supplemental Statement of the Case.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).


_________________________________________________
V. CHIAPPETTA
Veterans Law Judge, Board of Veterans' Appeals
Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).