Citation Nr: 1825334 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 14-37 453 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to an initial compensable rating for allergic rhinitis and deviated septum, status-post nasal fracture and rhinoplasty.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C.S. De Leo, Associate Counsel






INTRODUCTION

The Veteran served on active duty from September 2005 to September 2011.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston Salem, North Carolina. Jurisdiction over the case was subsequently transferred to the RO in Roanoke, Virginia.


FINDING OF FACT

The Veteran's allergic rhinitis and deviated septum disability was manifested by nasal congestion, pain, crusting, and headaches; and has not more nearly approximated greater than 50 percent obstruction of nasal passage on both sides or complete obstruction on one side.


CONCLUSION OF LAW

The criteria for an initial compensable rating for allergic rhinitis and deviated septum disability have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. 
§§ 4.1, 4.2, 4.3, 4.7, 4.10, 4.21, 4.31, 4.97, Diagnostic Code (DC) 6502-6522 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Due Process

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. See eg. 38 U.S.C. §§ 5103, 5103A (2012) and 38 C.F.R. § 3.159 (2017). In the instant case, VA provided adequate notice in a letter sent to the Veteran in May 2011. 
VA has a duty to assist a claimant in the development of a claim. This duty includes assisting the claimant in the procurement of relevant treatment records and providing an examination when necessary. 38 U.S.C. § 5103A; 38 C.F.R. 
§ 3.159. 

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). Service and VA treatment records are associated with the claims file as are private treatment records. VA provided relevant examinations as discussed in further on in the decision. 

There is no indication of additional existing evidence that is necessary for a fair adjudication of the claim that is the subject of this appeal. In the March 2018 Appellate Brief, the Veteran's representative noted that the Veteran had submitted records from Metropolitan ENT PC noted that he was going to have surgery for his nasal condition and that no further records were received showing the surgery or post-surgery report. The submission referred to is from September 2014. There was no request to assist him in obtaining records and it is clear from that submission that the Veteran was aware of his right to submit evidence to support his claim. VA has no further duty as to any additional records that may have been generated by that provider. .Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist. 

On March 14, 2017, the QTC Medical Services informed the AOJ that the Veteran failed to report to his March 13, 2017 scheduled examination to assess his disability claim. As described in greater detail below, the scheduled examination was necessary to decide the issue on appeal. The Veteran or his representative has not provided an explanation for the Veteran's failure to report. See generally Barr v. Nicholson, 21 Vet. App. 303, 311 (2007); 38 C.F.R. § 3.655; Turk v. Peake, 21 Vet. App. 565, 569 (2008).




II. Disability Rating

Disability ratings are determined by applying the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment. 38 C.F.R. § 4.10. 

In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of the Veteran's disability. 38 C.F.R. §§ 4.1, 4.2; Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991).

If the disability more closely approximates the criteria for the higher of two ratings, the higher rating will be assigned; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7. It is not expected that all cases will show all the findings specified; however, findings sufficiently characteristic to identify the disease and the disability therefrom and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21. 

In deciding this appeal, the Board has considered whether separate ratings for different periods of time, based on the facts found, are warranted, a practice of assigning ratings referred to as "staging the ratings." See Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2008). 

The Veteran's allergic rhinitis is currently rated noncompensably disabling under 38 C.F.R. § 4.97, DC 6502-6522, applicable to allergic or vasomotor rhinitis. Under DC 6522, a 10 percent rating is warranted for allergic or vasomotor rhinitis without polyps, but with greater than 50 percent obstruction of nasal passage on both sides or complete obstruction on one side. A maximum, 30 percent rating is warranted for allergic or vasomotor rhinitis with polyps.

The Board notes that this diagnostic code does not provide for a zero percent rating. However, in every instance where the Rating Schedule does not provide a zero percent rating for a particular diagnostic code, such a rating shall be assigned when the requirements for a compensable rating are not met. 38 C.F.R. § 4.31.

Analysis

Pertinent evidence of record consists of the Veteran's post-service treatment records and an August 2011 VA-contracted examination of the ear, nose, and throat. As discussed above, the evidence of record shows that the Veteran failed to report to a scheduled VA-contracted examination scheduled in March 2017 to determine the severity of his nasal disability. This appeal is from the July 2012 rating decision that granted service connection for the disability on appeal and assigned the initial rating. Because the Veteran failed, without good cause, to report for an examination, the claim shall be rated based on the evidence of record. 38 C.F.R. 
§ 3.655 (b). For the following reasons, the Board finds that a compensable rating for allergic rhinitis and deviated septum is not warranted at any time during the appeal period.

Turning to the evidence of record, the Veteran was afforded a VA-contracted respiratory examination in August 2011, in which current diagnoses of septal deviation status post rhinoplasty and allergic rhinitis was confirmed. At that examination, he reported suffering from sinus problems, such as airway obstruction and nasal stuffiness, which occurred two times per year for a duration of two weeks. He also reported headaches, constant interference with breathing through the nose, worse with physical activity, pain and crusting. The Veteran further reported deviated septum treated with rhinoplasty.

On examination, the VA examiner noted that the Veteran's nose revealed 0 percent obstruction of the nasal passage in the right nostril and 75 percent obstruction of the nasal passage in the left nostril. Examination did not reveal deviated septum, scar, obvious disfigurement, or nasal polyps. There was no sinusitis detected. X-ray of the nasal bone was abnormal identifying right maxillary sinus disease. The practitioner also noted that the Veteran had none of the following due to his allergic rhinitis: greater than 50 percent obstruction of the nasal passage on both sides; complete obstruction on the left side; complete obstruction on the right side; and nasal polyps. 

The examiner diagnosed nasal obstruction disability, status post rhinoplasty surgery. In a subsequent addendum opinion the examiner revised the diagnosis to septal deviation status post rhinoplasty surgery. He also indicated the Veteran's rhinitis was seasonal, and allergic in origin. Furthermore, the Veteran's nasal disorder impacted his ability to work, in that, the Veteran had problems breathing through the nose with activity. Specifically, noting septum obstructing breathing.

VA treatment records show the Veteran sought treatment for allergic rhinitis and deviated nasal septum. A July 2015 treatment record notes the Veteran had nasal surgery in October 2014 for opening his old nasal injury related to blocked nostrils. 

Private treatment records dated in October 2014 from Metropolitan ENT PC show the Veteran noted that the Veteran was to undergo nasal surgery. Additionally, the practitioner notes indicate that allergic rhinitis symptoms were controlled.

Based on the foregoing, the Board finds that an initial compensable rating for the Veteran's allergic rhinitis and deviated septum are not warranted at any time during the appellate term. In this regard, the August 2011 VA-contracted examination shows that the Veteran's nasal disorder was not manifested by greater than 50 percent obstruction of the nasal passage on both sides; complete obstruction on the left side; complete obstruction on the right side; and nasal polyps. Entitlement to a higher rating is therefore not warranted.

With respect to the Veteran's reported history, under certain circumstances, lay statements may be sufficient for disability claims by establishing the occurrence of lay-observable events, the presence of disability, or symptoms of disability that are susceptible to lay observation. Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). The Board has considered the Veteran's reported history during the August 2011 VA-contracted examination that he experienced obstruction of the nasal passage due to his allergic rhinitis and deviated septum disorder. Also as asserted in the Veteran's September 2014 VA Form 9, Appeal to Board of Veterans' Affairs, his post-operative care was incorrectly managed and resulted in 95 percent blockage of the left nasal airway, requiring additional surgery. As discussed above, the evidence does not otherwise show that there was sufficient obstruction in one or both nasal passages as to warrant a compensable rating under the applicable diagnostic code. The Veteran is competent to testify to factually observable injuries and treatment, the timing of the observable symptoms of his disabilities, and receipt of medical treatment because these are observable by an individual's own senses and within the realm of knowledge of a lay person. Id. These reports must be considered with the entire record evidence. However, the Board finds the specific, reasoned opinions of the VA examiner, and the objective evidence of the trained medical professional, who reviewed the Veteran's claims file and examined him, to be of greater probative weight than the more general lay assertions.

The weight of the evidence thus reflects that the Veteran's allergic rhinitis and deviated septum disability did not more nearly approximate greater than 50 percent obstruction of the nasal passage on both sides or complete obstruction on one side, or nasal polyps at any time during the appeal period. See DC 6522. 

The Board notes that it has a duty to acknowledge and consider all diagnostic codes that are potentially applicable when evaluating the Veteran's allergic rhinitis and deviated septum disability. See Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991). However, the Veteran has been diagnosed with, and is in receipt of service connection for, allergic rhinitis, a condition that is specifically listed in the Rating Schedule. Copeland v. McDonald, 27 Vet. App. 333, 337 (2015) ("[W]hen a condition is specifically listed in the Schedule, it may not be rated by analogy"). In any event, there is no evidence or argument that a higher rating is warranted under any alternate diagnostic code.

Of significance is the fact that the Veteran failed to report for a scheduled examination without good cause. In a March 2017 Appellant's Brief, the Veteran's representative acknowledged the Veteran failed to report to the scheduled examination in March 2017 but did not provide good cause. When entitlement or continued entitlement to a benefit cannot be established or confirmed without a current VA examination or reexamination, VA regulations require specific action to be taken in accordance with 38 C.F.R. § 3.655 (b) as appropriate. 38 C.F.R. § 3.655 (a). Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant, death of an immediate family member, etc. Id. 

Paragraph (b) specifies that when a claimant fails to report for an examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record. When the examination was scheduled in conjunction with any other original claim, a reopened claim for a benefit which was previously disallowed, or a claim for increase, the claim shall be denied. 38 C.F.R. § 3.655 (b).

Because the available record does not provide a basis for awarding the benefit sought, because the Veteran failed to report for his scheduled VA examination, and because this matter arises from an original compensation claim, the Board must rely on the evidence of record. 38 C.F.R. § 3.655 (a),(b). 

Therefore, the Board finds that the preponderance of the evidence is against an initial compensable rating for allergic rhinitis and deviated septum disability. Hence, the appeal as to any higher, or separate rating, for this disability must be denied. There is no reasonable doubt to be resolved as to this issue. 38 U.S.C. 
§ 5107 (b); 38 C.F.R. §§ 3.102 , 4.3.

III. Extraschedular Consideration

The Board has considered whether referral for an extraschedular rating under 38 C.F.R. § 3.321(b)(1) is warranted in this case. In this regard, the Board notes that the availability of higher schedular ratings plays no role in an extraschedular analysis and that it is inappropriate for the Board to deny extraschedular referral on this basis. The Board finds that the Veteran's symptoms of allergic rhinitis and deviated septum are contemplated by the schedular rating criteria. Neither the facts of the case nor the Veteran's allegations raise the issue of extraschedular consideration. Thus, no analysis is required. See Yancy v. McDonald, 27 Vet. App. 484, 494 (2016) (holding that an extraschedular analysis is not warranted where it is not "specifically sought by the claimant nor reasonably raised by the facts found by the Board") (citing Dingess v. Nicholson, 19 Vet. App. 473, 499 (2006), aff'd, 226 Fed. Appx. 1004 (Fed. Cir. 2007). See also Doucette v. Shulkin, 28 Vet. App. 366, 369 (2017) (explaining that the Board had no obligation to analyze whether referral is warranted for extraschedular consideration if an extraschedular rating is not specifically sought by the claimant or reasonably raised by the facts found by the Board). 

Similarly, the Board recognizes that a claim for a total rating based on individual unemployability (TDIU) may be raised as a separate claim, or in the context of an initial rating or a claim for an increase. See Rice v. Shinseki, 22 Vet. App. 447, 452-53 (2009). In this case, the Board acknowledges the Veteran's reports of airway obstruction and nasal stuffiness, pain, and crusting. However, neither the Veteran nor the record has raised the question of unemployability due to service-connected disability. Therefore, no further discussion of a TDIU is necessary. 


ORDER

Entitlement to an initial compensable rating for allergic rhinitis and deviated septum, is denied.



______________________________________________
JAMES G. REINHART
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs