﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 190906-30597
DATE: September 30, 2020

ORDER

Entitlement to service connection for chronic headaches, to include as secondary to service-connected tinnitus, is denied. 

FINDING OF FACT

The Veteran has not been shown to have chronic headaches that manifested in service or that are caused or aggravated by his service-connected tinnitus. 

CONCLUSION OF LAW

Chronic headaches were not incurred in active service and are proximately due to, the result of, or aggravated by a service-connected disability. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1985 to October 1995. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a rating decision by the Department of Veterans Affairs (VA) under its modernized review system. See Veterans Appeals Improvement and Modernization Act (AMA), Pub. L. No. 115-55, 131 Stat. 1105 (2017); VA Claims and Appeals Modernization, 84 Fed. Reg. 138 (Jan. 18, 2019) with applicability provisions under 38 C.F.R. §§ 3.2400 and 19.2. 

The agency of original jurisdiction (AOJ) initially adjudicated the claim for service connection for chronic headaches in a January 2019 rating decision. The Veteran appealed that decision in a March 2019 notice of disagreement (NOD), and the AOJ issued a statement of the case (SOC) in August 2019. The Veteran timely appealed the August 2019 SOC to the Board in a September 2019 VA Form 10182, and he selected the evidence submission lane.

Law and Analysis

Initially, the Board notes that the agency of original jurisdiction (AOJ) attempted to schedule a VA examination in connection with the Veteran’s claim for service connection for chronic headaches. However, there is a record noting that an October 2018 request was cancelled because the Veteran did not respond. The AOJ sent a letter to the Veteran in December 2018 informing him that he was being scheduled for a VA examination. It was noted that he should contact the medical facility on the appointment notice letter as soon as possible if he could make the appointment or wanted to be rescheduled. The Veteran was also advised that, when a claimant, without good cause, fails to report for an examination or reexamination, the claim shall be rated based on the evidence of record or even denied. The AOJ later requested an additional VA examination in June 2019; however, it was again noted in July 2019 that the Veteran failed to reply to the scheduling request.

Where entitlement to a VA benefit cannot be established or confirmed without a current VA examination and a claimant, without good cause, fails to report for such examination scheduled in conjunction with an original compensation claim, the claim shall be rated on the evidence of record. 38 C.F.R. § 3.655. Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant and death of an immediate family member. 38 C.F.R. § 3.655(a).

When a claimant fails to participate in a scheduled VA examination, the Board must consider (1) whether the examination was necessary to establish entitlement to the benefit sought, and (2) whether the claimant lacked good cause to miss the scheduled examination. Turk v. Peake, 21 Vet. App. 565, 568 (2008). As discussed below, the examination and medical opinion were needed to establish a nexus between the Veteran’s current disability and his military service or to a service-connected disability. The January 2019 rating decision and the August 2019 SOC specifically noted that the Veteran had failed to report for a VA examination; however, the Veteran and his representative have not provided good cause for missing the examination, challenged the fact that he failed to report, or requested that the examination be rescheduled. Therefore, the Board finds that the Veteran’s refusal to appear was without good cause, and the applicable regulation now requires that the claim be adjudicated based upon the evidence of record. 38 C.F.R. § 3.655(b); Turk, 21 Vet. App. 565 (2008).

Neither the Veteran nor his representative have raised any other issues with the pre-decisional duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board...to search the record and address procedural arguments when the veteran fails to raise them before the Board.”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument). 

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C. §§ 1110, 1131. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Headaches are not an enumerated “chronic disease” listed under 38 C.F.R. § 3.309(a); therefore, the presumptive provisions based on “chronic” symptoms in service and “continuous” symptoms since service at 38 C.F.R. § 3.303 (b) do not apply here. Walker v. Shinseki, 708 F.3d 1331, 1338-39 (Fed. Cir. 2013).

Service connection may also be established on a secondary basis for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310 (a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc). 

In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that the Veteran is not entitled to service connection for chronic headaches. 

The Veteran’s service treatment records are negative for any complaints, treatment, or diagnosis of chronic headaches. In fact, a March 1995 separation examination found his head and neurologic system to be normal. 

Rather, the Veteran has claimed that his chronic headaches are secondary to his service-connected tinnitus. However, the competent, credible, and probative evidence does not establish service connection on a secondary basis.

During a March1996 VA examination for tinnitus, it was noted the Veteran did not have any symptoms related to his head. 

During a June 2018 VA audiological examination, the Veteran reported that his tinnitus significantly impacts his ability to sleep at night. There was no mention of headaches, and the examiner indicated that there was no need for him to follow-up with his primary care provider regarding any examination findings.

In a September 2018 disability benefit questionnaire (DBQ), a private certified registered nurse practitioner, M.T. (initials used to protect privacy), noted a diagnosis of migraines, including migraine variants, and the Veteran’s reports that his migraines started with his service-connected tinnitus. She did not provide an etiology opinion.

In an August 2019, M.T. opined that the Veteran’s migraine headaches are at least as likely as not proximately due to or the result of his service-connected tinnitus. She noted that there is research showing that there is a connection between tinnitus and many headache diagnoses, including migraines. However, M.T. did not cite to the specific research studies, and it is unclear from her opinion itself as to whether a connection means causation as opposed to mere correlation. The rationale also does not explain how tinnitus would cause or result in headaches.

The value of a physician’s statement is dependent, in part, upon the extent to which it reflects “clinical data or other rationale to support his opinion.” Bloom v. West, 12 Vet. App. 185, 187 (1999). Thus, a medical opinion is inadequate when it is unsupported by clinical evidence. Black v. Brown, 5 Vet. App. 177, 180 (1995). See also Knightly v. Brown, 6 Vet. App. 200 (1994); Miller v. West, 11 Vet. App. 345, 348 (1998) (medical opinions must be supported by clinical findings in the record and conclusions of medical professionals which are not accompanied by a factual predicate in the record are not probative medical opinions). Therefore, the Board finds that the August 2019 medical opinion has limited probative value.

There is no other medical evidence relating a current headaches disorder to the Veteran’s military service or to his service-connected tinnitus. Indeed, as noted above, the AOJ attempted to provide the Veteran with a VA examination as part of the duty to assist. Such an examination may have provided an adequate medical opinion regarding the etiology of any current headache disorder. However, the Veteran did not report for that examination. As previously noted, the Board finds that his refusal to appear was without good cause, and the applicable regulation now requires that the claim be adjudicated based upon the evidence of record. 38 C.F.R. § 3.655(b); Turk, 21 Vet. App. 565 (2008).

The “duty to assist is not always a one-way street,” and the Veteran has an obligation to actively participate in the retrieving of any information pertinent to his claim, to include attending scheduled VA examinations. His failure to cooperate in the efforts to adjudicate the claim subjects him to the risk of an adverse adjudication based on an incomplete and underdeveloped record. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991); Kowalski v. Nicholson, 19 Vet. App. 171, 178 (2005).

The Board acknowledges the Veteran’s own statements that he has chronic headaches secondary to his service-connected tinnitus. Although lay persons are competent to provide opinions on some medical issues, Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to the specific issue in this case, the etiology of a headaches falls outside the realm of common knowledge of a lay person, particularly in light of the delayed onset of the disorder and internal medical processes involved. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). 

Based on the foregoing, the Board concludes that the Veteran is not entitled to service connection for chronic headaches.

 

 

J.W. ZISSIMOS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Kuczynski

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.