﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200723-98680
DATE: November 30, 2020

REMANDED

Entitlement to service connection for skin cancer of the face, nose, and chest is remanded.

Entitlement to service connection for hypertension is remanded.

Entitlement to service connection for a lumbar spine disability is remanded.

Entitlement to service connection for a left knee disability is remanded.

Entitlement to an initial rating in excess of 50 percent for the service-connected posttraumatic stress disorder (PTSD) is remanded. 

REASONS FOR REMAND

The Veteran had active service from February 1968 to February 1970, to include service in the Republic of Vietnam. The claim for service connection for a back disability has been recharacterized as above, as the Veteran specified the lumbar region of his back when he filed his claim for service connection. This appeal is remanded herein to correct a duty to assist error that occurred prior to the June 2020 AMA decision being issued by the Regional Office (RO). 

Entitlement to service connection for skin cancer of the face, nose, and chest

Entitlement to service connection for hypertension

Entitlement to service connection for a lumbar spine disability

Entitlement to service connection for a left knee disability

Entitlement to an initial rating in excess of 50 percent for the service-connected PTSD

The Veteran filed a fully developed claim for service connection for these disabilities in December 2019. In the claim form he submitted, he did not identify a single treatment provider who treated him for the claimed disabilities. The Board of Veterans’ Appeals (Board) notes that there are no post-service medical treatment records currently associated with the claims file. 

After the RO conceded the Veteran’s in-service exposure to Agent Orange, it sent a letter to the Veteran specifically asking for records or authorization for the RO to obtain records for all conditions he had claimed in December 2019 were conditions for which presumptive service connection was available due to his Agent Orange exposure in-service. Service connection for those disabilities was addressed in a separate AMA decision which is not covered by the current appeal. The RO did not, however, ever seek to obtain information about private medical records for the disabilities in this appeal. 

The Veteran did not identify any treatment providers in his December 2019 claim. Although he reported to a VA PTSD examiner in April 2020 that he had not had prior mental health counseling, he did note that he had spoken to his primary care physician. This statement put VA on notice that there were medical records not associated with the claims file that could pertain to the claimed conditions. VA’s failure to attempt to obtain authorization for treatment records related to these claims, especially in light of the Veteran’s notifying a VA examiner of the existence of records, constitutes a duty to assist error. 

By this Remand, however, the Veteran is hereby notified that, while VA has a statutory duty to assist a veteran in developing evidence pertinent to a claim, he/she also has a duty to assist and cooperate with the VA in developing evidence. In other words, VA’s duty to assist is not a one-way street. If a veteran wishes help, he or she cannot passively wait for it in those circumstances where he or she may or should have information that is essential in obtaining the relevant evidence. Wood v. Derwinski, 1 Vet. App. 190 (1991); Hayes v. Brown, 5 Vet. App. 60, 68 (1993). VA’s duty must be understood as a duty to assist a veteran in developing his or her claim, rather than a duty on the part of VA to develop the entire claim with the veteran performing only a passive role. Turk v. Peake, 21 Vet. App. 565, 568 (2008). As such, the Veteran must make reasonable efforts to assist VA in identifying and obtaining all private treatment records related to his claim. Accordingly, these matters are REMANDED for the following action:

1. Ask the Veteran to complete a VA Form 21-4142 for all private providers who have treated him for the disabilities on appeal, to include specifically his primary care physician, to whom he referred in a statement made to the April 2020 VA PTSD examiner. Make two requests for all authorized records from all identified providers, unless it is clear after the first request that a second request would be futile. 

2. Obtain any VA treatment records, should they exist, for this Veteran and associate them with the claims file.

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Davidoski, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.